**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JOHN FUCHS, PATRICK MORIN, KEVIN
HICKS, MICHAEL CONROY, DAVID HAINES,
GEOFFREY JAMES, JAMES MALCOLM,
WILLIAM MACCHIONE, ANTHONY
MACAGNONE, ALAN EHL, WILLIAM
WEITZMAN, JOSEPH OLIVIERI, DALE
STUHLMILLER, ARTHUR GODSELL,
ROBERT CARLINO, PAUL J. O'BRIEN, JR.,
JOSEPH GANIRO, ROSS PEPE, RICHARD
O'BEIRNE, JAMES LOGAN, ANTHONY
CAROPRESSO and ANTONIO MARTINS, as
Trustees of the EMPIRE STATE CARPENTERS
WELFARE PENSION, ANNUITY,
SCHOLARSHIP, LABOR-MANAGEMENT
COOPERATION and CHARITABLE TRUST
FUNDS,

                          Plaintiffs,                                 **REPORT AND**
                                                           **RECOMMENDATION**

         - against -

                                                    CV 05-2584 (ERK) (AKT)

KULLMAN INDUSTRIES, INC.,

                          Defendant.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      As the record reflects, this case was previously stayed in February 2006 when plaintiffs'

then counsel notified the Court [DE 6] that defendant Kullman Industries, Inc. had filed for

bankruptcy in the United States Bankruptcy Court for the District of New Jersey.  On January 20,

2010, the law firm of Slevin & Hart, PC, newly substituted counsel for the plaintiffs, moved to

vacate the stay, asserting that the bankruptcy case closed on June 2, 2009 and that the plaintiff

Funds had received no payments.  Plaintiffs wished to move for entry of default at that time and

filed a formal motion for such relief on March 19, 2010. *See* DE 9, 10. Judge Korman referred

the motion to me for a Report and Recommendation on August 2, 2010.

On September 16, 2010, attorney Owen Rumelt, Esq., of the law firm of Levy Ratner

P.C., filed a Notice of Appearance on ECF [DE 11] on behalf of the Empire State Carpenters

Welfare, Pension, Annuity, Scholarship, Labor-Management Cooperation and Charitable Trust

("Trust") and their Trustees (collectively "Plaintiffs"). However, no Substitution of Counsel was

ever filed with the Court releasing Plaintiffs' former counsel Archer, Byington, Glennon &

Levine, LLP, and both firms remain listed on the Court's official docket as counsel of record.

My Chambers communicated with Attorney Rumelt by telephone regarding this issue in mid-

December 2010 and Attorney Rumelt indicated at that time that the requested Substitution of

Counsel would be prepared, executed and filed with the Court expeditiously. In addition, the

Court directed Mr. Rumelt's attention to prior counsel's motions seeking to vacate the stay

currently in place and for entry of a default judgment [DE 9, 10]. This Court had denied,

without prejudice, Plaintiffs' motion to vacate based on the following:

> Plaintiffs have not provided the Court with any affidavit(s) and other
> supporting documentation evidencing that the bankruptcy proceeding
> has concluded with no distribution made to the Funds. Further, the
> Court has no information whether Defendant's bankruptcy proceeding
> was brought under Chapter 7 or Chapter 11. Along those lines,
> Plaintiffs have failed to show that their claims were not discharged in
> a proceeding under Chapter 7 or were not included in a Chapter 11
> plan.

*See* DE 12 at 2. Therefore, the Court allowed Plaintiffs to re-file their motion with the

appropriate affidavit from an individual with personal knowledge as well as supporting

documentation showing that (1) the bankruptcy proceeding had concluded; (2) the Funds are still

entitled to the damages sought; and (3) the Funds did not receive any distribution as a result of the bankruptcy proceedings. *Id.* To date, Plaintiffs have not re-filed their motion, nor has the Court received any of the supporting documentation requested.

Today, this Court made a final attempt to reach out to the Levy Ratner firm by telephone. A summary of today's discussion with Attorney Rumelt is set forth in the accompanying Civil Conference Minute Order from that call. *See* DE 13. In light of the fact that the Levy Ratner firm is still deciding with its client whether this action will go forward at all and in light of the long delay since the motion to vacate and the motion for entry of default judgment were filed (and that the Substitution of Counsel was never filed), I advised Attorney Rumelt that I could not delay this matter further. Based on the information provided by Attorney Rumelt, however, I am respectfully recommending to Judge Korman that Plaintiffs' motion to vacate and motion for entry of default judgment be denied, without prejudice, at this time. I am further recommending to Judge Korman that should the Plaintiffs be in a position to deal with these issues after their March 2011 Collection Committee meeting, that they be permitted to re-file their motions, with the appropriate documentation, so long as the re-filing occurs no later than April 29, 2011.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed.R.Civ.P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Edward R. Korman, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Korman prior to the

expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), cert. denied, 522 U.S. 883, 118 S.Ct. 211, 139 L.Ed.2d 147 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir.1996).

Plaintiffs' counsel is directed to serve a copy of this Report and Recommendation on defendant forthwith by overnight mail and first-class mail and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
February 10, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge